**Sandra ROMERO–GONZALEZ, Petitioner,**

**v.**

**IMMIGRATION AND NATURALIZATION SERVICE; John Ashcroft, Attorney General, Respondents.**

**No. 03–70251.**
**Agency No. A73–026–781.**

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2004.[*]

Decided June 28, 2004.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Board of Immigration Appeals (BIA) abused its discretion in denying the motion to reopen with respect to the marriage issue. The evidence of the birth of two children to Romero–Gonzalez and her citizen husband "is probative of the motivation for marriage." *See Malhi v. INS*, 336 F.3d 989, 994 (9th Cir.2003). The BIA "must look at the evidence in its entirety." *Limsico v. INS*, 951 F.2d 210, 213 (9th Cir.1991). Considering the declaration of Romero–Gonzalez contained in the administrative record, it was an abuse of discretion for the BIA to assume that a marriage that produced offspring and a stable family unit was "entered into for the purpose of procuring [Romero–Gonzalez's] entry as an immigrant." *See* 8 C.F.R. § 204.2(a)(1)(iii)(B).

Accordingly, the petition for review is **GRANTED** and the case is **REMANDED**.

---

Antonio Reyna Salazar, Adolfo Ojeda–Casimiro, Salazar Law Offices, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS—District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, David V. Bernal, Attorney, Kurt B. Larson, DOJ—U.S. Department of Justice, Washington, DC, for Respondents.

Before BRUNETTI, McKEOWN, and GOULD, Circuit Judges.

### MEMORANDUM**

As the parties are familiar with the facts of this case, we do not recite them here. Under the circumstances of this case, the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

